# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JUSTIN PACK** | : | |
| 2046 Dooley Square Dr. | : | |
| Columbus, OH 43123 | : | CASE NO. 2:23-cv-1156 |
| | : | |
| and | : | |
| | : | |
| **JONATHAN PEREZ** | : | |
| 2380 Dusnworth Dr. | : | |
| Columbus, OH 43235 | : | |
| | : | |
| on their own behalf and on behalf of all | : | |
| others similarly situated, | : | JUDGE: |
| | : | |
| Plaintiffs, | : | |
| | : | MAGISTRATE JUDGE: |
| vs. | : | |
| | : | |
| **GEMINI SOLAR LLC** | : | |
| 2484 Creekway Dr. | : | **Jury Demand Endorsed Herein** |
| Columbus, OH 43207 | : | |
| | : | |
| c/o United States Corporation Agents, Inc. | : | |
| 411 Wolf Ledges Pkwy., Ste. 201 | : | |
| Akron, OH 44311 | : | |
| | : | |
| and | : | |
| | : | |
| **SKYCHARGE SOLAR LLC** | : | |
| 4433 Professional Pkwy. | : | |
| Groveport, OH 43125 | : | |
| | : | |
| and | : | |
| | : | |
| **OH SOLAR LLC** | : | |
| 4433 Professional Pkwy. | : | |
| Groveport, OH 43125 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiffs Justin Pack and Jonathan Perez ("Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Gemini Solar LLC, Skycharge Solar LLC, and OH Solar LLC ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. This is a "collective action" instituted by Plaintiffs as a result of Defendants' unlawful policy related to failing to pay non-exempt employees for all time spent working, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendants in the Southern District of Ohio, performed their job duties out of one of Defendants' Ohio locations and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

2

5. Plaintiff Justin Pack is an individual, a United States citizen, and a resident of Franklin County, Ohio. Plaintiff performed his job duties throughout the state of Ohio.

6. Plaintiff Jonathan Perez is an individual, a United States citizen, and a resident of Franklin County, Ohio. Plaintiff performed his job duties throughout the state of Ohio.

7. Defendants Gemini Solar LLC, Skycharge Solar LLC, and OH Solar LLC are domestic limited liability company registered to do business in Ohio and conduct business in the Southern District of Ohio. Defendants have locations in the Southern District of Ohio.

## WAGE AND OVERTIME

8. At all times relevant herein, Plaintiffs were employees of Defendants as defined in the FLSA.

9. At all relevant times herein, Plaintiffs were non-exempt employees of Defendant as defined in the FLSA.

10. Plaintiffs Justin Pack and Jonathan Perez bring this action on their own behalf and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A and Exhibit B).

11. At all times relevant herein, Defendants Gemini Solar LLC, Skycharge Solar LLC, and OH Solar LLC were considered covered "employers" as that term is defined by the FLSA.

12. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs brings Count I of this action on their own behalf pursuant to 29 U.S.C. 216(b), and on behalf of all other similarly situated who have been, are being, or will be adversely affected by Defendants' conduct.

14. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs are themselves members, is composed of and defined as follows:

> All current and former electricians employed by Defendants from March 31, 2020 through the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs").[1]

15. Plaintiffs are unable to state the exact size of the potential class at this time but upon information and belief, believe it consists of at least 20 persons.

16. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.§ 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests as well as their own in bringing this action.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring Count II of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of the class ("the Ohio Class") defined as:

> All current and former electricians employed by Defendants from March 31, 2020 through the present who did not receive any compensation for hours worked over

---

[1] For purposes of the collective definition, "the present" shall be the date on which Court conditionally certifies a the collective and orders notice be sent to the collective.

40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs").

18. Plaintiffs are unable to state the exact size of the Ohio Class at this time but upon information and belief, believe it consists of at least 20 persons.

19. There are questions of law and fact common to the Ohio Class, including but not limited to the following:

(a) Whether Defendants' failure to pay the Ohio Class for all time spent working resulted in the Ohio Class not receiving overtime pay for all hours worked over 40 hours in a workweek at a rate of one and one-half times their regular rate of pay violated O.R.C. 4111.03; and

(b) What amount of monetary relief will compensate Plaintiffs Justin Pack and Jonathan Perez and other members of the Ohio Class for Defendants' violation of O.R.C. 4111.03 and 4111.10.

20. The claims of Plaintiffs Justin Pack and Jonathan Perez are typical of the claims of other members of the Ohio Class. Named Plaintiffs' claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Ohio Class members.

21. Named Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the Ohio Class members. The named Plaintiffs' counsel have broad experience in handling class and collective wage and hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

22. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the Ohio Class as a whole, and predominate over any questions affecting only individual class members.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys fees, and demands on court resources.

24. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### FACTUAL ALLEGATIONS SUPPORTING COUNTS I & II

25. Defendants are providers of solar energy equipment and services, providing equipment and installation for residential and commercial customers.

26. Defendants provide equipment and services throughout the state of Ohio.

27. At all relevant times herein, Plaintiffs Justin Pack and Jonathan Perez were electricians who provided installation services for Defendants' customers.

28. Plaintiff Justin Pack was hired by Defendants in or around August 2021.

29. Plaintiff Jonathan Perez was hired by Defendants in or around October 2021.

30. Plaintiffs received offer letters notifying them that "[t]his employment is for a(n) *non-exempt, full-time position* as an Electrician…" (emphasis added) ("Offer Letter" attached hereto as Exhibit C).

31. Plaintiffs' job duties required them to arrive at Defendants' shop early in the morning, review the assigned jobs for the day, load up their trucks with equipment, purchase additional supplies when needed, drive to the job site, install or repair the electrical components of solar installations or upgrade services, drive back to Defendants' shop and unload the vehicle.

6

32. The work that Plaintiffs performed was primarily "blue collar," manual labor.

33. Plaintiffs regularly work between 60 to 70 hours per week.

34. Upon information and belief, no exemption to the FLSA applies to Plaintiffs and other current and former electricians.

35. Plaintiffs are paid on salary basis based on an hourly rate.

36. Plaintiffs are only paid for 40 hours per week.

37. Defendant's policies of refusing to pay Plaintiffs and all other current/former electricians overtime compensation for their electrician duties is a violation of the FLSA and Ohio law.

38. Plaintiffs and all other current/former electricians must be paid for all time spent working and must be paid overtime for all hours worked over 40 hours in a workweek.

39. At all times relevant herein, Plaintiffs and all other current/former electricians were not paid overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

40. At all times relevant herein, Defendants did not provide any compensation to Plaintiffs and other electricians for their hours worked over 40 hours per workweek.

41. Defendant's policy regarding not paying Plaintiffs and all other current/former electricians for time spent working is a violation of the FLSA and Ohio law and results in unpaid overtime.

**FIRST CAUSE OF ACTION**
**(FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime)**

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. Plaintiffs brings this FLSA claim pursuant to 29 U.S.C. § 216(b) as representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former electricians employed by Defendants from March 31, 2020 through the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs").[2]

44. Upon information and belief, from March 31, 2020 through the present, Defendants have continuously employed at least 12 electricians.

45. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representative of all SSPs and are acting on behalf of the SSPs' interests as well as their own in bringing this action.

46. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

47. Plaintiffs and the SSPs were paid on a salary basis based on an hourly rate.

48. Plaintiffs and the SSPs were non-exempt employees.

49. Plaintiffs and the SSPs frequently worked more than 40 hours per week.

50. As a result of that, Plaintiffs and the SSPs were not paid for any hours worked over 40 in a workweek nor were they paid the overtime rate for all hours over 40 in a workweek.

51. Defendants refused to pay overtime pay to Plaintiffs and the SSPs.

52. Defendants' refusal to pay overtime pay to Plaintiffs and the SSPs was willful as Defendants knew Plaintiffs and the SSPs were classified as non-exempt.

---

[2] For purposes of the collective definition, "the present" shall be the date on which Court conditionally certifies a the collective and orders notice be sent to the collective.

53. Defendants were aware that Plaintiffs and the SSPs regularly worked more than 40 hours per workweek but were not receiving any compensation or overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

54. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as whether they were required to pay Plaintiffs and the SSPs for all work performed and that they were required to pay Plaintiffs and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

55. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiffs and the SSPs have been damaged.

## SECOND CAUSE OF ACTION
### (Class Action, Violations of Ohio Revised Code 4111.03)

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. Defendants are an "employer" within the meaning of O.R.C. § 4111.03(D)(2).

58. Named Plaintiffs and other members of the Ohio Class are "employees" within the meaning of O.R.C. § 4111.03(D)(3).

59. Defendants' practice of not paying the SSP's for all hours worked in excess of 40 in a workweek resulted in unpaid overtime, as fully described herein, and is a violation of the OMFWSA and O.R.C. § 4111.03.

60. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certify the Ohio Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiffs and the class they represent actual damages for unpaid wages;

D. Award Plaintiffs and the class they represent liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs and the class they represent attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(Rachel@TFFLegal.com)
Peter G. Friedmann (0089293)
(Pete@TFFLgal.com)
Casey D. Mayell (0102178)
(Casey@TFFLegal.com)
Dominick A. Kocak (0102165)
(Dominick@TFFLegal.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, OH 43026
614-610-9756 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Rachel Sabo Friedmann, Esq.*
Rachel Sabo Friedmann (0089226)
