IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN PACK, *et al.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 2:23-cv-1156 |
| | : | |
| vs. | : | JUDGE MORRISON |
| | : | |
| | : | MAGISTRATE JUDGE JOLSON |
| GEMINI SOLAR, *et al*, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS**

Plaintiffs, Justin Pack, et al. respectfully move, pursuant to Federal Rule of Civil Procedure 55(b), for entry of Default Judgment against Defendants. Defendants have failed to appear, plead, or otherwise defend in this action. Plaintiffs have secured an entry of default and now seek a default judgment against Defendants on all counts of its Complaint. The relief requested is appropriate for the reasons discussed in the attached Memorandum in Support.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann, Esq.*
Rachel Sabo Friedmann (0089226)
(Rachel@TFFLegal.com)
Dominick A. Kocak (0102165)
(Dominick@TFFLegal.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, OH 43026
614-610-9756 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiff*

I. **INTRODUCTION & BACKGROUND**

This is an action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), initially filed as a collective action. Named Plaintiffs, Justin Pack and Jonathan Perez, filed this action on March 31, 2023, alleging that Defendants failed to pay them and similarly situated individuals for all wages earned, including overtime compensation at the rate of one and one-half times their respective regular rates for the hours worked in excess of forty hours in a workweek. (See Complaint, Doc. No. 1).

Defendants are in the business of providing solar energy equipment and installation for residential and commercial customers. (Compl. ¶25). Defendants provide equipment and services throughout Ohio. (Compl. ¶26). Throughout the relevant time, Defendants employed at least 20 field workers who performed the same or similar work to Plaintiffs. (Compl. ¶¶14, 15; Declaration of Justin Pack, ¶8; Declaration of Jonathan Perez, ¶7). Defendants pay their field workers on a salary basis based on an hourly rate. (Compl. ¶35).

1. **The Field Worker Positions**

Plaintiffs Pack and Perez are former electricians who were employed with Defendants and have personal knowledge of the pay practices described herein. (See Pack Dec. ¶3; Perez Dec. ¶3, attached to the Complaint). Plaintiffs were non-exempt employees under the FLSA. (Compl. ¶48). Plaintiff Pack received an offer letter saying that "[t]his employment is for a(n) *nonexempt, full-time position as an Electrician…*" (emphasis added) (Compl. ¶30; "Offer Letter" attached to the Complaint as Exhibit C). At all relevant times herein, Plaintiffs primarily performed "blue collar," manual labor (field work) providing solar installation and maintenance services to Defendants' customers. (Compl. ¶¶31, 32; Pack Dec. ¶¶5, 7; Perez Dec. ¶¶5, 6). To complete their job duties, Defendants required Plaintiffs to arrive at Defendants' shop early in the morning, review the

assigned jobs for the day, load up their trucks with equipment, purchase additional supplies when needed, drive to the job site, install or repair the electrical components of solar installations or upgrade services, drive back to Defendants' shop and unload the vehicles. (Compl. ¶31).

At all times relevant herein, Plaintiffs were paid on a salary basis based on an hourly rate. (Compl. ¶35; Pack Dec. ¶¶4, 11; Perez Dec. ¶¶4, 10). Plaintiffs consistently worked more than 40 hours in a workweek. (Compl. ¶33; Pack Dec. ¶¶14, 16; Perez Dec. ¶¶13, 15). At all times relevant herein, Plaintiffs were not paid overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. (Compl. ¶39; Pack Dec. ¶¶15, 17, 18; Perez Dec. ¶¶14, 16, 17; Exhibit D; Exhibit E). Moreover, Defendant did not provide any compensation to Plaintiffs for their hours worked over 40 hours per workweek. (Compl. ¶40; Pack Dec. ¶18; Perez Dec. ¶17). Throughout their employment, Plaintiffs routinely confronted Defendants about the unpaid overtime, but as of the time of Plaintiffs' separation from Defendants, Defendants did not address Plaintiffs' complaints of unpaid overtime. Defendants knew that Plaintiffs were performing non-exempt work. (See Exhibit C to the Complaint). Defendants willfully disregarded the Fair Labor Standards Act in order to avoid paying overtime.

Despite working hundreds of hours of overtime, both Plaintiffs' Earnings Reports, as produced by Defendants, show that Plaintiffs were only paid $336 (Perez) and $1,070 (Pack) in overtime pay through the entirety of their multi-year employment. (See Exhibit D; Exhibit E to the Complaint). To date, Defendants have not paid Plaintiffs for any of the overtime they worked.

**II.      PROCEDURAL HISTORY**

3

As such, Plaintiffs filed this action on March 31, 2023, and asserted claims against Defendants: (1) FLSA Collective Action – Failure to Pay Overtime and (2) O.R.C. 4111.03 Class Action – Failure to Pay Overtime. Defendants were served with a copy of the Complaint and filed an Answer on June 2, 2023. (See Doc. No. 8). The parties engaged in written discovery, by and through counsel, and attended a mediation with Mediator Mark Melko, Esq., on April 23, 2024, which ended in an impasse. (See Doc. No. 25). It is important to note that the mediation was attended by Defendants and counsel for Defendants. (See Doc. No. 25).

Shortly after that, all counsel for Defendants moved to withdraw from the case. (Doc. No. 26 & 27). On May 8, 2024, the Court granted the Motion and Defendants no longer had counsel of record. (Doc. No. 30) Defendants were given 30 days to secure alternate counsel. They did not do so. On June 13, 2024, the Court issued a Show Cause Order, ordering Defendants to show cause, within twenty-one days, as to why Default should not be entered. (Doc. No. 31). Defendants did not show cause, and on July 30, 2024, the Court issued an Order directing the Clerk to enter default against Defendants under FRCP 55(a). (Doc. No. 43). The Clerk entered Default against Defendants on July 31, 2024. (Doc. No. 45).

On July 30, 2024, the Court also issued an order denying Plaintiffs' Motion for Court-Facilitated Notice to Potential Opt-In Plaintiffs, allowing Plaintiffs to continue to pursue their individual claims for unpaid overtime pursuant to the FLSA and Ohio law. (Doc. No. 44).

Plaintiffs now move for Default Judgment on all individual claims for unpaid overtime pursuant to the FLSA and Ohio law.

III. <u>LAW & ARGUMENT</u>

    a. **<u>Legal Standard for Default Judgment</u>**

4

Under Federal Rule of Civil Procedure 55, securing a default judgment is a two-step process. Fed. R. Civ. P. 55. First, the party seeking the default judgment must file an application for entry of default, demonstrating that the opposing party has failed to timely answer or otherwise respond to the complaint. *Surge Staffing, LLC v. Eva Logistics, Inc.*, No. 2:23-cv-00873, 2023 U.S. Dist. LEXIS 194068, *3 (S.D. Ohio Oct. 30, 2023). Here, the Clerk entered Default against Defendants on July 31, 2024, after Defendants failed to respond to the Court's Order to Show Cause.

Second, after the Clerk has entered default against the opposing party, the moving party can then move for default judgment. *Id.* At the default judgment stage, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Id.* (citing *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, 2012 Dist. LEXIS 47240, *1 (S.D. Ohio Apr. 3, 2012)). Importantly, the entry of default "does not automatically entitle the plaintiff to a default judgment." *Id.* The plaintiff must still demonstrate that, "when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claims asserted." *Id.* (citing *Methe v. Amazon.com.dedc, LLC*, 2019 U.S. Dist. LEXIS 116916, *1 (S.D. Ohio July 15, 2019)). When determining whether to enter a default judgment, courts in the Sixth Circuit consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Id.* at *4 (citing *Russell v. City of Farmington Hills*, 34 Fed. Appx. 196, 198 (6th Cir. 2002) (hereinafter, the "*Russell* Factors")).

  b. **The *Russell* Factors weigh in favor of default judgment.**

    i. Plaintiffs have alleged sufficient and meritorious claims against Defendants

5

The second and third *Russell* Factors determine whether the plaintiff's complaint raises sufficient and meritorious claims against the defendant. *Id* Plaintiffs' Complaint alleges claims for unpaid overtime pursuant to the FLSA and Ohio law. As set forth below, both set forth in Plaintiffs' Complaint are sufficient and meritorious if taken as true.

### 1. Counts I & II - Unpaid Overtime – FLSA & R.C. 4111.03

Ohio law incorporates the standards and principles of the FLSA. *Haight v. Minchak*, 146 Ohio St.3d 481, 2016-Ohio-1053, 58 N.E.3d 1135, ¶12 (2016); *Stanford v. Diligent Supportive Living, Inc.*, No. 1:12-cv-736, 2014 U.S. Dist. LEXIS 142499, at *6 n.3 (S.D. Ohio, Oct. 7, 2014) (citing Ohio Rev. Code §§ 4111.02, 4111.03(A)). The FLSA mandates that employers pay every employee at a rate of one and one-half times the regular rate of pay for every hour worked over 40 hours in a workweek. 29 USCS § 207(a)(1). Any employer who fails to pay this overtime rate is liable to the employee for the amount of overtime wages and an additional equal amount as liquidated damages. 29 USCS § 216(b); Ohio Rev. Code § 4111.03(A). In addition to unpaid overtime compensation damages and liquidated damages, Plaintiffs are entitled to attorneys' fees. Plaintiffs received offer letters indicating they were non-exempt Electricians, entitled to the protections of the FLSA. (Compl. ¶30).

Plaintiffs' job duties required them to arrive at Defendants' shop early in the morning, review the assigned jobs for the day, load up their trucks with equipment, purchase additional supplies when needed, drive to the job site, install or repair the electrical components of solar installations or upgrade services, drive back to Defendants' shop and unload the vehicle. (*Id*. at ¶31). The work that Plaintiffs performed was primarily manual labor and they both consistently worked 60-70 hours per week. (*Id*. at ¶32-33). Plaintiffs were only paid for 40 hours of work

per week and were not paid overtime for the numerous amounts of hours over 40 in a workweek that they worked. (*Id*. at ¶36). If Plaintiffs claims are taken as meritorious, it is clear they were hired as non-exempt electricians, subject to the protections of the FLSA. They consistently worked 60-70 hours per week and were not paid one and one-half their regular rate of pay for those hours.

### ii. Plaintiffs will be prejudiced if default judgment is not granted.

The First *Russell* factor examines possible prejudice to Plaintiff if default judgment is not granted. *Surge Staffing* at *6. Plaintiffs are prejudiced if the denial of default judgment "would render [the] plaintiffs' effort at a civil resolution futile, while rewarding [the] defendant's avoidance of the litigation. *Id*. For example, in Surge Staffing, the plaintiff performed services for the defendant under a contract and, after notifying the defendant it had an outstanding balance to pay, the defendant failed to pay the plaintiff. This Court held that Plaintiff would be prejudiced if his Motion was denied because it has not been paid for services it had provided to Defendant "over one year ago." *Id*. at *6. Moreover, this Court also found the prejudice factor is satisfied under circumstances where, if the plaintiff was to file another lawsuit, "all indications are that it would return to the default judgment stage." *Id*. (citing *Toler v. Glob. Coll. Of Nat. Med., Inc.*, 2016 U.S. Dist. LEXIS 919, *7 (E.D. Mich. Jan. 6, 2016)).

This case is markedly similar. Plaintiffs performed numerous hours of work for Defendants and still have not been paid for it. Thus, Plaintiffs will be severely prejudiced if default judgment is not granted, and this factor weighs in favor of default judgment.

### 3. The amount of money at stake exceeds the diversity jurisdiction threshold.

The fourth *Russell* factor examines the amount of money at stake. *Surge Staffing* at *7. If this court sits in "diversity jurisdiction," the amount at stake must exceed $75,000.00. *Id*. In this case, Plaintiffs have alleged damages in excess of $75,000.00 each. At mediation, the

following settlement figures were presented based on the actual amount of overtime worked during the applicable time period, thus this factor weighs in favor of default judgment:

**Justin Pack**

Unpaid overtime: $92,025.00
Liquidated damages: $92,025.00

**Total: $184,100.00**

**Jonathan Perez**

Unpaid overtime: $71,850.00
Liquidated damages: $71,850.00

**Total: $143,700.00**

    4. **No possible disputed material facts or evidence of excusable neglect has been presented.**

  The fifth and sixth Russell factors examine the possibility of disputed material facts and whether the Defendant's default was due to excusable neglect. *Id*. at *7-8. However, in cases where the defendant has failed to appear or otherwise participate in the case entirely, courts cannot consider these factors because the defendant "has not given the court anything to evaluate." *Id*. The same is true in this case, as Defendant has not participated in this action at all since it appeared at mediation, several months ago, despite multiple opportunities to do so. As such, these factors weigh in favor of default judgment.

    5. **A decision on the merits is not attainable in this action.**

  The final *Russell* factor examines "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id*. at *8. However, when trial on the merits is not attainable…courts recognize that this policy preference must yield to the needs of the litigants actually before them. *Id*. Indeed, Defendants have been aware of this action since it was filed, since they actually participated in it until mediation was held. In

circumstances where the defendant has "consistently ignore opportunities for a merit-based resolution," the policy in favor of merits-based resolution will not preclude granting a default judgment. *Surge Staffing* at *9. As such, since every other *Russell* factor weighs in favor of default judgment, Plaintiffs' request for default judgment against Defendants must be granted.

      **c. The amount of damages Plaintiff has suffered is calculable, and therefore, an evidentiary hearing on damages is not necessary.**

Once courts find that default judgment is proper, the next step is to "determine the appropriate measure of damages." *Surge Staffing* at *9. While Rule 55(b)(2) permits the Court to conduct an evidentiary hearing to determine damages, it does not require one. *Id*. If damages are calculable, then the court may forego an evidentiary hearing, "Because the facts establishing damages are not distinct from the facts establishing liability." *Id*.

Here, Plaintiffs seek $184,100.00 for Plaintiff Pack and $143,700.00 for Plaintiff Perez, plus post judgment interest and reasonable attorneys' fees and costs. Each category of Plaintiffs damages is analyzed below.

      **1. Damages Suffered**

Plaintiff Pack is owed a total of $184,100.00 in unpaid overtime, comprised of unpaid overtime in the amount of $92,050.00 and liquidated damages under the FLSA in that same amount. Plaintiff Perez is owed $71,850.00 in unpaid overtime and that same amount in liquidated damages pursuant to the FLSA. As evidence to support that figure, Plaintiffs have presented: 1) Paystubs for years 2021-2023, showing that no overtime was paid (Defendants did not track overtime hours) 2) Declarations explaining how much overtime each worked and a damages calculation, based on hourly rates (attached hereto) 3) Earnings Reports (Exhibits D and E) and 4) Damages Calculation (created by counsel for Plaintiffs based on the amount of overtime worked, attached hereto as Exhibit I). Plaintiff's Perez's paystubs have been attached hereto as Exhibit F.

9

Plaintiff Pack's paystubs have been attached hereto as Exhibit G. Both sets of paystubs show that no overtime was paid. This Court has deemed such evidence sufficient to establish the calculability of Plaintiff's damages without an evidentiary hearing. *See Surge Staffing* at *10.

### 2. Attorney Fees

Finally, under the Ohio Prompt Payment Act, Plaintiff is entitled to recover its reasonable attorney fees and costs from Defendant as the prevailing party in this action. *See* R.C. 4113.61(B)(1). The "starting point" for determining reasonable attorney fees is the product of the number of hours billed and a reasonable hourly rate. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). In fee-shifting cases, there is a strong presumption that the lodestar represents the reasonable fee. *Surge Staffing* at *11,12 (citing *B&G Mining, Inc.v. Dir., OWCP*, 522 F.3d 657, 662 (6th Cir. 2008). Accordingly, "modifications [to the lodestar] are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower court. *Pa v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 565 (1986).

#### i. Reasonable Hourly Rate

The party seeking attorneys' fees bears the burden of demonstrating the reasonableness of the hours billed and the hourly rates applied. *Gonter*, 510 F.3d at 617; *see also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 Fed. Appx. 496, 498 (6th Cir. 2011). The first step in determining the fee to be awarded is to assess the attorney's hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Whether the attorney's hourly rate is reasonable is determined by comparing the attorney's hourly rate to the prevailing rate customarily charged by attorneys of similar skill, experience and reputation in the community. *Johnson v. City of Clarksville*, 256 Fed. Appx. 782, 783 (6th Cir. 2007). Courts should consider the attorney's submitted declarations

or affidavits, awards in similar cases, and personal knowledge and experience from handling similar requests for fees. *Project Vote v. Blackwell*, No. 1:06–CV–1628, 2009 WL 917737, *5 (N.D. Ohio Mar. 31, 2009) (citing *Johnson v. Connecticut Gen. Life Ins. Co.*, No. 5:07–CV–167, 2008 LEXIS 24026, * 14 (N.D. Ohio Mar. 13, 2008)).

Attorney Rachel Sabo Friedmann is counsel for Plaintiffs. Her current hourly rate is $450 per hour. (RSF Affidavit, ¶ 7, attached as Exhibit H). Ms. Sabo Friedmann's hourly rate of $450.00 per hour is the same hourly rate as her colleague of similar experience and duration of practice, Matthew Coffman of Coffman Legal LLC. *See Gresky v. Checker Notions Co. Inc.*, No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506, 2022 WL 3700739, *7 (N.D. Ohio Aug. 26, 2022). Ms. Sabo Friedmann has been selected as a Super Lawyer, Rising Star between 2015-2022, and a Super Lawyer for years 2023-2025 in Plaintiff Side Employment Law. RSF Affidavit, ¶ 6). The Friedmann Firm LLC has also been selected to the U.S. News and World Reports, Best Lawyers in America publication for the past six years in Employment Law – Individuals and Litigation – Labor and Employment. (*Id.*).

Further support for Ms. Sabo Friedmann's rate can be found in Judge Rubin's 1983 committee determination of reasonable attorney fee rates for the Southern District of Ohio. Courts in Ohio still use Judge Rubin's rates, adjusting the rates for cost of living increases at 4% per year.[1] [1]*Watson v. W. & S. Fin. Grp.*, 2020 U.S. Dist. LEXIS 265054 (E.D. Ken. 2020);

---

[1] The Rubin rates in 1983 were: Paralegals – $37.91/hour; Law Clerks – $23.96/hour; Young Associates (2 years of experience or less) – $61.77/hour; Intermediate Associates (2 to 4 years of experience) – $71.62/hour; Senior Associates (4 to 5 years of experience) – $82.81/hour; Young Partners (6 to 10 years of experience) – $96.39/hour; Intermediate Partners (11 to 20 years of experience) – $113.43/hour; and Senior Partners (21 or more years of experience) – $128.34/hour. *Hunter v. Hamilton Cnty. Bd. of Elections*, No. 1:10-cv-820, 2013 WL 5467751, *17 n.9 (S.D. Ohio Sept. 30, 2013) (citing *West v. AK Steel Corp. Retirement Accumulation Pension Plan*, 657 F.Supp.2d 914, 932 n.4 (S.D. Ohio 2009)).

11

*Kindel v. Continental Casualty Co.*, No. 1:02-CV-879, 2005 WL 1241975, *4 (S.D. Ohio 2005); *Georgia- Pacific LLC v. Am. Intern. Specialty Lines Ins. Co.*, 278 F.R.D. 187, 192 (S.D. Ohio 2010); *Lee v. Javitch, Block & Rathbone LLP*, 568 F. Supp.2d 870, 876 (S.D. Ohio 2008).

### ii.      Reasonable Time Expended

Throughout this litigation, Plaintiffs' counsel kept time records contemporaneously in Microsoft Excel to ensure accuracy. (RSF Affidavit, ¶ 8, see also Detailed Billing Records, attached hereto as Exhibit J). Plaintiffs are seeking attorney fees for 67.6 hours of work. (Exhibit J). Counsel exercised billing judgment and eliminated unnecessary or excessive hours when billing in this matter. Further, counsel only billed for one attorney, although both attorney Dominick Kocak and Casey Mayell (prior to his withdrawal) also performed work on this case. As such, the cumulative time of 67.6 hours for the work that this case has entailed were reasonably expended and should therefore be approved. 67.6 hours x $450/hour is $30,420.00 in attorney fees.

### iii.      Calculation of Costs and Expenses

The Ohio Prompt Payment Act also allows for recovery of Plaintiff's out-of-pocket costs as the prevailing party in this action. *See* R.C. 4113.61(B)(1). Out of pockets costs are often included in the attorney's overall fee, requested as "incidental and necessary expenses incurred in furnishing effective and competent representation." *Northcross v. Board. of Educ.*, 611 F.2d 624, 639 (6th Cir. 1979) (abrogated on other grounds). These include reasonable out-of-pocket costs incurred by the attorney which would typically be charged to a fee-paying client. *Id.*; *see also Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986) (out-of-pocket litigation expenses reimbursable as part of attorney's fees); *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) ("[A]ttorney's fees include expenses

that are 'incidental and necessary' to the representation, provided they are 'reasonable.'").

Here, Plaintiffs are not seeking reimbursement of any costs or expenses related to this matter.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully requests that this Court:

1. Grant Default Judgment in favor of Plaintiffs in the amount of $327,800.00 ($184,100.00 (Plaintiff Pack) and $143,700.00 (Plaintiff Perez);

2. Award post judgment interest at the rate mandated by 28 U.S.C. § 1961, from the date default judgment is entered by this Court to the date the judgment is paid in full by Defendant.

3. Award Plaintiffs $30,420.00 in attorney fees.

Respectfully,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(Rachel@TFFLegal.com)
Dominick A. Kocak (0102165)
(Dominick@TFFLegal.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, OH 43026
614-610-9757 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 7, 2024, a copy of the foregoing was filed with the Court electronic filing system.

                                        /s/ *Rachel Sabo Friedmann*
                                        Rachel Sabo Friedmann (0089226)