## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JUSTIN PACK,** *et al.*,

    **Plaintiffs,**

v.

**GEMINI SOLAR LLC,** *et al.*,

    **Defendants.**

:

:

Case No. 2:23-cv-1156
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## **OPINION AND ORDER**

This matter is before the Court on the Motion for Default Judgment filed by Plaintiffs Justin Pack and Jonathan Perez (ECF No. 51). For the reasons set forth below, the Court **GRANTS** the Motion.

**I.    PROCEDURAL HISTORY**

Plaintiffs initiated this action against Defendants Gemini Solar LLC, Skycharge Solar LLC, and OH Solar LLC in March 2023. (ECF No. 1.) Defendants were served with notice of process pursuant to Federal Rule of Civil Procedure 4 and filed an Answer[1] on June 2, 2023. (ECF Nos. 5, 6, 8.) The Court issued a Scheduling Order (ECF No. 12), and the parties began engaging in discovery. (ECF

---

[1] It is not clear to the Court whether this Answer was filed on behalf of all Defendants or on behalf of Gemini Solar only. Although the responses in the Answer are phrased using the plural "Defendants," the introductory paragraph only references Gemini Solar. (ECF No. 8, PAGEID # 39.) Nevertheless, because default has since been properly entered against all Defendants, the Court need not explore this issue.

Nos. 12, 16, 18.) The parties also participated in a mediation but did not reach a resolution. (ECF No. 25.)

In May 2024, counsel for Defendants were permitted to terminate their representation. (ECF No. 30.) Because Defendants are corporate entities, the Court ordered them to secure new counsel by June 6, 2024. (*Id.*) When they failed to do so by that deadline, the Court ordered them to show cause why sanctions (including default judgment) should not be entered against them. (ECF No. 31.) Defendants again did not respond,[2] so the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) at the Court's direction on July 31, 2024. (ECF Nos. 43, 45.)

Also in July 2024, the Court denied Plaintiffs' motion for court-facilitated notice to alert other potential opt-in plaintiffs of this action. (ECF No. 44.) As such, only Plaintiffs' individual claims remain at issue. (*Id.*, PAGEID # 175.) However, Plaintiffs took no further action until the Court issued a Show Cause Order on September 10, 2024. (ECF No. 46.) Plaintiffs subsequently filed the instant Motion for Default Judgment on October 7, 2024. (ECF No. 51.) The time for responding has passed, and no response was filed.

---

[2] Although these two Court Orders (ECF Nos. 30, 31) were sent to Defendants using their last-known address as provided by their former counsel (ECF No. 29), the Orders were returned as undeliverable (ECF Nos. 34–39). Parties have "an affirmative duty to supply the court with notice of any and all changes in … address." *Barber v. Runyon*, No. 93–6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994). This is particularly salient where, as here, Defendants participated in this case for nearly a year, including attending a mediation, until the withdrawal of their counsel, such that they reasonably should be aware that this case continues to progress.

2

## II. FACTUAL BACKGROUND

"Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability[.]" *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6). The following factual allegations from the Complaint (ECF No. 1) are deemed admitted due to Defendants' default.

Defendants provide solar energy equipment and installation services for residential and commercial customers throughout Ohio. (ECF No. 1, ¶¶ 25–26.) Defendants formerly employed Plaintiffs as electricians. (*Id.*, ¶ 27.) Mr. Pack's employment began in August 2021, and Mr. Perez's employment began in October 2021. (*Id.*, ¶¶ 28, 29.) They were each responsible for loading and unloading equipment, purchasing additional supplies when needed, driving to and from job sites, and installing or repairing the electrical components of solar installations or upgrade services. (*Id.*)

Defendants paid Plaintiffs on a "salary basis based on an hourly rate." (ECF No. 1, ¶ 35.) Plaintiffs allege that they consistently worked more than forty hours a week throughout their employment but were not properly paid overtime. (*Id.*, ¶¶ 33, 39.) Instead, Defendants paid all employees, including Plaintiffs, only for forty hours per week. (*Id.*, ¶ 36.)

Plaintiffs commenced this action on behalf of themselves and others similarly situated to recover unpaid overtime. (ECF No. 1.) They allege that Defendants failed to pay them overtime wages notwithstanding their status as non-exempt

3

employees, and they seek relief under the Fair Labor Standards Act of 1938 ("FLSA") (Count I) and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") (Count II). (*Id.*, ¶¶ 34–41.) Following the Court's denial of Plaintiffs' motion to facilitate opt-in notice, however, only their individual claims for unpaid overtime remain for adjudication. (ECF No. 44.) With respect to those individual claims, Plaintiffs seek actual damages for unpaid wages, liquidated damages equal to the unpaid wages, attorneys' fees, and interest. (ECF No. 1, Prayer for Relief.)

### III. ANALYSIS

Once default has been entered, the Court may rule on default judgment against a defendant with or without a hearing. Fed. R. Civ. P. 55(b). Although the well-pled factual allegations of a complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts state a claim upon which relief may be granted. *Zinganything*, 158 F. Supp. 3d at 672 (citing *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-cv-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008)). Nonetheless, "those allegations relating to the amount of damages suffered are ordinarily not [accepted as true], and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Bringer v. JAO Distribs., Inc.*, No. 1:14-cv-252, 2014 WL 3689147, at *1 (S.D. Ohio July 23, 2014) (Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

4

### A.     Default Judgment

Based on the well-pled allegations in the Complaint and the exhibits Plaintiffs submitted in support of their Motion, the Court concludes that there is sufficient basis for determining Defendants' liability and damages without the need for a hearing. Plaintiffs have stated claims for unpaid overtime pursuant to the FLSA and Ohio law.[3] (ECF No. 1, ¶¶ 42–60.) By virtue of their default, Defendants have admitted that Plaintiffs were classified as non-exempt employees under the FLSA who worked between 60 to 70 hours per week. (*Id.*, ¶¶ 9, 33.) Defendants failed to pay Plaintiffs overtime compensation at a rate of one and a half times their regular rate of pay for their hours worked over forty hours per workweek. (*Id.*, ¶¶ 39, 40, 47–51.) Defendants' refusal to pay overtime was willful, considering that they knew Plaintiffs were classified as non-exempt. (*Id.*, ¶ 52.) Plaintiffs are thus entitled to default judgment against Defendants in this case.

---

[3] Courts routinely analyze Ohio state-law overtime claims and FLSA claims concurrently, reasoning that the outcome as to liability under either law is typically the same. *See, e.g., Craig v. Bridges Bros. Trucking, LLC*, 823 F.3d 382, 385 n.1 (6th Cir. 2016) ("Because the FLSA and the OMFWSA have the same overtime requirements, the outcomes will be the same and the claims can be evaluated together."); *Heard v. Nielson*, No. 1:16-cv-1002, 2017 WL 2426683, at *2 (S.D. Ohio June 2, 2017) (Black, J.) ("Ohio law incorporates the FLSA's definitions, standards, and principles for its minimum wage and overtime compensation provisions … Accordingly, the claims may be analyzed together.").

**B.     Relief**

Plaintiffs seek actual damages for unpaid wages, liquidated damages in an amount equal to the unpaid wages, post-judgment interest, and attorneys' fees.[4] (ECF No. 1, Prayer for Relief; Mot., PAGEID # 197.)

Looking first to money damages, "an employee bringing ... suit [under the FLSA] has the burden of proving he performed work for which he was not properly compensated." *Monroe FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (internal quotations and citation omitted). "Estimates may suffice under this standard because 'inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'" *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. 2020) (quoting *Monroe*, 860 F.3d at 412). Here, Mr. Pack requests $184,050.00 in unpaid overtime, comprised of actual damages in the amount of $92,025.00 and liquidated damages under the FLSA in that same amount.[5] (Mot., PAGEID # 192–93.) Mr. Perez requests $71,850.00 in actual damages and that same amount in liquidated damages, totaling $143,700.00. (*Id.*) In support of these figures, Plaintiffs have submitted declarations and have provided paystubs, earnings reports, and a damages calculation prepared by

---

[4] Plaintiffs initially sought recovery of their costs and expenses incurred in litigating this matter (ECF No. 1, Prayer for Relief), but they have withdrawn that request (Mot., PAGEID # 197).

[5] Elsewhere in their Motion, Plaintiffs request $92,050.00 for Mr. Pack. (Mot., PAGEID # 193.) However, based on the exhibits submitted with the Motion, the Court understands that the correct figure is $92,025.00. (*See* Mot., PAGEID # 192; ECF No. 51-6.)

counsel. (ECF Nos. 51-2, 51-3, 51-4, 51-5, 51-6.) Courts may rely on affidavits submitted by a plaintiff in support of damages without the need for a hearing. *Profusion Indus., LLC v. Chem-Tek Sys., Inc.*, No. 5:16-cv-164, 2016 WL 7178731, at *6 (N.D. Ohio Dec. 9, 2016). Thus, based on these materials, the Court finds that Plaintiffs are entitled to the actual damages they request. Plaintiffs are also entitled to liquidated damages based on Defendants' willfulness and because there is no evidence to suggest that Defendants acted in good faith. Finally, post-judgment interest is appropriate pursuant to 28 U.S.C. § 1961(a).

Concerning attorneys' fees, the FLSA allows a plaintiff to recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). In evaluating reasonable attorneys' fees, courts "begin[] by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by [her] court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (emphasis omitted). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

To prove that the purported fees are reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Inv.,*

7

*Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433). Courts may also consider awards in analogous cases and their own knowledge and experience from handling similar requests for fees. *See Coulter v. State of Tenn.*, 805 F.2d 146, 149–50 (6th Cir. 1986); *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1036 (N.D. Ohio 2022). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (internal quotations omitted); *see also P&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 662 (6th Cir. 2008).

Plaintiffs seek $30,420.00 in attorneys' fees. (Mot., PAGEID # 196.) They offer a supporting affidavit from their counsel, Rachel Sabo Friedmann, outlining her charged hourly rate (ECF No. 51-8) and an itemized billing record showing the time she spent on this matter (ECF No. 51-7). Ms. Sabo Friedmann represents that she performed 67.6 hours of work on this case at an hourly rate of $450.00. (ECF No. 51-8, ¶ 7; ECF No. 51-7.) Defendants have not objected or provided any evidence to question the fees claimed. Given the nature and history of this case, the Court finds that these metrics are reasonable. Therefore, the Court awards $30,420.00 for attorneys' fees (67.6 hours at $450 per hour) to Ms. Sabo Friedmann.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Default Judgment (ECF No. 51) is **GRANTED**. Default judgment is entered against Defendants on Plaintiffs' individual claims under the FLSA and Ohio law. The Court **AWARDS** relief for Plaintiffs against Defendants in the form of damages totaling $327,750.00

8

($184,050.00 for Mr. Pack and $143,700.00 for Mr. Perez), post-judgment interest from the date judgment is entered until the judgment is paid, and $30,420.00 in attorneys' fees.

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**